18653

Horace B. THOMAS, Respondent, v. The RAMBLER CENTER, INC., Appellant

(154 S. E. (2d) 833)

*Hans F. Paul, Esq.,* of Charleston, *for Appellant,* 

*Messrs. S. S. Seideman* and *A. Arthur Rosenblum,* of Charleston, for Respondent, 

May 24, 1967.

LEWIS, Justice.

The question to be decided is whether appeals to the circuit court from the County Court of Charleston County must be noticed within five days as provided in Section 7-302 of the 1962 Code of Laws, or within ten days under the provisions of Section 7-405.

Judgment was rendered against defendant in the County Court of Charleston County on July 13, 1966 in the amount of $1,200.00. Notice of intention to appeal to the circuit court from such judgment was given by defendant on July 20, 1966, seven days later. Upon motion of plaintiff the judge of the county court dismissed the appeal as unimely because not noticed within five days after judgment as re-

quired by Section 7-302. The defendant has appealed contending that Section 15-629.30, 1966 Supplement to the 1962 Code of Laws, makes Section 7-405 and not Section 7-302, applicable to appeals from the Charleston County Court to the circuit court, and that under its provisions ten days are allowed to notice such appeal.

Whether the time limit for appeal set forth in Section 7-302 or that in 7-405 is applicable depends upon the proper construction of Section 15-629.30 which applies specifically to appeals from the County Court of Charleston County. This section is as follows:

"In all civil actions and criminal proceedings and any special proceedings of which the county court shall have jurisdiction, the right of appeal shall be to the Supreme Court in the same manner and pursuant to the same rules, practices and procedure as now govern appeals from circuit courts, except that civil matters where the amount of the verdict or judgment appealed from is three thousand dollars or less may be appealed to the circuit court. Provided, any such civil action, in which a notice of appeal to the Supreme Court has been filed and where the brief of the respondent has not been filed, may be transferred to the circuit court upon written notice to the respondent from the appellant."

Under the fregoing statute, the right of appeal from the County Court of Charleston is granted "to the Supreme Court in the same manner and pursuant to the same rules, practices and procedure as now govern appeals from circuit courts." Section 7-405 governs the time limit within which appeals must be noticed from the circuit court to the Supreme Court and provides that notice of intention to appeal must be given within ten days. It is conceded that if Section 7-405 is applicable, defendant's appeal to the circuit court was timely made.

However, Section 15-629.30, afttr providing for appeals to the Supreme Court, provides that any civil matter *may* be appealed from the county court to the circuit court where the amount of the judgment appealed from is three thousand dol-

lars or less. Admittedly, under the general statutes, Section 7-302 governs the time limit within which appeals must be taken from a county court to the circuit court and provides that intention to appeal in such instance must be noticed within five days. Sections 7-341 and 7-342, 1962 Code of Laws.

The question here then is whether an appeal, permitted to be taken to the circuit court from the Charleston County Court, is governed by the same rules and procedure prescribed for appeals from such county court to the Supreme Court. If not, it is conceded that Section 7-302 governs and would require an appeal from the county court to the circuit court to be filed within five days after notice of judgment.

Section 15-629.30 provides generally for a right of appeal directly from the county court to the Supreme Court with an alternate right of appeal in certain cases to the circuit court. An appeal to the circuit court is less expensive and such alternate right of appeal was apparently granted in order to provide a right of review to litigants in those cases where the amount involved might not warrant the more expensive and burdensome appeal to the Supreme Court. This no doubt accounts for the failure to specifically include appeals to the circuit court within the appellant procedures otherwise prescribed, leaving such appeals to be controlled by the general rules and practice governing appeals from county courts to the circuit court.

We think that the lower court correctly held that where an appellant is permitted and elects, to appeal from a judgment of the Charleston County Court to the circuit court, instead of to the Supreme Court, the rules and procedure governing the appeal are those prescribed in the foregoing statutes for appeals from county courts to the circuit court, which require that notice of intention to appeal be given within five days from notice of the judgment under appeal.

The defendant admittedly failed to give notice of his intention to appeal to the circuit court within the five day

period as prescribed by Section 7-302, and the lower court properly dismissed his appeal.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.